Sidney A. Fine, J.
This is a proceeding in eminent domain involving acquisition by the City of New York of title to 34 parcels of real property within the easterly portion of the block bounded by East 139th Street, Alexander Avenue, East 140th Street and Willis Avenue, in the Borough of The Bronx, City of New York, duly selected as a site for Public School 49 and recreational purposes. Title vested in the city on March 7, 1963. Having made the prescribed statutory view of the property and given due consideration to all of the evidence, the court makes awards and findings as hereinafter set forth.
Where the nature of the property and the amount of income derived therefrom has permitted use of the capitalization method as the best method of appraisal, the court has indicated its findings with respect to gross income, expenses, net income and over-all capitalization rate. In all other parcels the court has found the comparative method a preferable appraisal technique. However, in all cases, wherever possible, both income and market *655 approaches to valuation were used as a check on the main methods of appraisal utilized as aforesaid.
In arriving at its total awards, the court has ascribed the following unit lot values: Willis Avenue — $12,500; East 139th Street and East 140th Street — $5,500; with the exception of Damage Parcels 16,17, 27 and 28 which are ascribed unit values of $5,625 by reason of Willis Avenue influence. (See footnote.)
31s 3? 3s
Damage Parcels Nos. 25 and 26. These parcels present an apparently novel condemnation problem. Both properties involved are tenements in common ownership. Prior to 1959 the claimant had installed a central heating plant to supply heat to both buildings. On application to the State Rent Commission a maximum increase in rentals for such installation was granted effective March 12,1959. Subsequently the claimant sought and obtained both tax exemption and tax abatement for such installation pursuant to section J41-2.4, as amended, of the Administrative Code of the City of New York. The order of abatement became effective for the fiscal year commencing July 1, 1960 for a period of nine years and covered 75% of the cost of the improvement. A total exemption of $5,000 on the assessed valuations of both parcels was also granted for a period of 12 years. Such increased rentals were in effect as of the date of vesting of title despite the provisions of section 33 (subd. a, par. [2]) of the New York City Rent Eviction and Rehabilitation Regulations giving the City Rent Administrator the power “ to revoke or modify any adjustment granted hereunder if there has been a substantial change in the basis upon which such adjustment was granted ”. The law is clear that the granting of tax exemption and abatement under these circumstances constitutes such a change as would have authorized the Administrator to readjust the increases previously granted to avoid duplication of reimbursement to the owner for the same capital improvement (Matter of 225 E. 70th St. Corp. v. Weaver, 6 N Y 2d 197). It is to be noted that with respect to one of these buildings the Administrator did take action to reduce the rentals but such action did not take place until three months after vesting of title. The record in this case does not show why the Administrator did not act to readjust the rentals for both buildings immediately upon the granting of the tax exemption and abatement.
*656 Both parties arrived at a valuation of the properties by use of the capitalization method. In arriving at a net income, the city’s appraiser used the full registered rentals at the time of vesting of title and the full taxes without exemption or abatement. The claimant’s appraiser arrived at his capitalized value in the same fashion but to such value he added the discounted present value of the tax abatement and the exemption for the remaining years by use of the Inwood Tables.
It is the opinion of the court that the claimant’s method of appraisal is contrary to both law and experience. The legal principle is clearly enunciated by Judge Fuld in the above-cited case at pages 200-201 in these words: ‘c when a rent increase is granted because of some capital improvement by the landlord, he is not entitled to a duplication or multiple ‘increase ’ by way of tax abatement from the city for the same improvement and that, if he obtains the abatement, it is only fair and proper that it be shared with the tenants through a prospective readjustment of the rent increases earlier allowed. This is good sense and sound law.” The contention of this claimant that he is entitled to what would amount to a windfall profit because the Rent Administrator neglected to exercise power violates principles of both conscience and equity. His argument that perhaps the Administrator did not act to reduce the rentals because he might have felt the rent increases granted were inadequate is both speculative and specious. The ultimate fact of the matter is that the granting of either a rent increase or tax abatement is merely an administrative device to encourage landlords to improve slum properties by enabling- them to recapture the cost of the improvement. In condemnation the court must consider the value of the improvement which could very well be less than its cost. In this case, the court finds that the value of the improvement is fully reflected in the registered rentals on the date of vesting of title. A prudent investor would not pay a higher price for the property based on excess income flow for a limited period that would be subject to instant diminution by the mere taking of appropriate action by the City Rent Administrator.
Accordingly, the court has valued these parcels by a capitalization of the net income derived from the properties arrived at by considering the gross increased rentals and taking the full amount of taxes without abatement or exemption as an item of expense. No added value has been given by reason of the tax abatement and exemption.
*657 Gross rentals — $12,600; Expenses (including vacancy factor for stores only) — $7,200; Net rental — $5,400; Capitalization rate — 9% — Award $60,000.
Footnote. Awards made may be found in the office of the County Clerk of Bronx County under Index No. 1638/1963.